# IN THE COURT OF APPEALS OF IOWA

No. 22-0787
Filed July 20, 2022

IN THE INTEREST OF G.K.,
Minor Child,

T.K., Father,
    Appellant,

N.R., Mother,
    Appellant.

_____

Appeal from the Iowa District Court for Linn County, Carrie K. Bryner, District Associate Judge.

A mother and father separately appeal the termination of their parental rights to a child. **AFFIRMED ON BOTH APPEALS.**

Kristin L. Denniger, Mount Vernon, for appellant father.

Deborah M. Skelton, Tiffin, for appellant mother.

Thomas J. Miller, Attorney General, and Ellen Ramsey-Kacena, Asssitant Attorney General for appellee State.

Kimberly Ann Opatz of Linn County Advocate, Cedar Rapids, attorney and guardian ad litem for minor child.

Considered by Vaitheswaran, P.J., and Tabor and Badding, JJ.

**VAITHESWARAN, Presiding Judge.**

A mother and father separately appeal the termination of their parental rights to a child born in 2017. Both parents (1) challenge the ground for termination cited by the juvenile court; (2) argue termination was not in the child's best interests; (3) contend the juvenile court should not have terminated their parental rights, given the bond they shared with the child; and (4) assert they should have been afforded additional time to reunify.

## I.    *Ground for Termination*

The Department of Human Services reported that the mother had "a history of illegal substance use," with her "drug of choice" being "methamphetamine." She also had a history of "unaddressed mental health" diagnoses. The father had a history of marijuana and methamphetamine use. The department additionally recounted "a history of domestic violence" between the parents, "both mental and physical."

The department intervened after the mother "left [the child] with individuals unknown to her" and "appeared to be under the influence of drugs." The State sought emergency removal of the child. The juvenile court granted the request and later confirmed the child's removal from parental custody. The parents stipulated to the child's adjudication as a child in need of assistance.

The mother entered an inpatient drug treatment program. On her discharge from the facility, she was referred to outpatient services. She appeared for eight out of twenty-four drug tests immediately following her discharge. Of those eight tests, she was negative for all substances on only two occasions. Although she took her medication for anxiety, depression, and a sleep disorder, she failed to

engage in mental health therapy. As for the father, he was unsuccessfully discharged from extended outpatient services. He refused to undergo drug testing.

The juvenile court terminated parental rights under Iowa Code section 232.116(1)(f) (2021), which requires proof of several elements, including proof the child cannot be returned to parental custody. Both parents take issue with the evidence supporting the ground. The mother asserts she "had stable housing, steady employment, she was consistently exercising visitation with her child and demonstrating excellent parenting skills, and the visits were going very well." The father similarly argues he had "stable housing long-term," was "in the process of addressing [his] substance abuse issue," was "testing for the [d]epartment," was "employed [ ] and actively saving for the future," and was participating in visits, which were "going well." He also cites an absence of support for the department's domestic abuse allegations and points out that the child would have been returned to "an extended family." On our de novo review, we are not persuaded by these arguments.

The child remained out of parental care for almost fifteen months. During that period, the parents were afforded multiple services to address their drug addiction. Neither parent made sufficient progress. The department case manager testified the mother "was called [for drug testing] approximately 88 days throughout the entire life of the case" and "[s]he provided drug testing results on approximately 32 of those days." The case manager calculated that to be "about 36 percent of the time." She did not "believe the mother [was] sober." As for the father, the case manager stated he was "called 83 days and went to testing four of those 83 days throughout the life of this case," which was "approximately five

percent of the time." She stated he "never truly addressed his substance use concerns."

There is no question the parents' participation in supervised visits with their child improved after the termination petition was filed. The department case manager testified the mother "attended about 82 percent of her visits" and the father attended "about 64 percent of visits." The case manager was unpersuaded that the increase in contacts was sufficient to support reunification. She cited the importance of visits "in maintaining [a] relationship with [the] child" and found "an overall lack of commitment throughout the case." She opined that the parents had "not shown that they [could] meet their own needs," let alone the needs of their child.

On our de novo review, we conclude the State proved the child could not be returned to parental custody.

## II. *Best Interests*

Termination must be in the child's best interests. *See* Iowa Code § 232.116(2). The district court found it was, reasoning as follows:

> All of the issues that were of concern at the beginning of the case are still of concern now. The parents made a last-minute show of complying with the case permanency plan but even that was mostly talk and no action. They did attend visits more consistently but have not adequately addressed the substance abuse issues or mental health issues that were present at the beginning of the case. Neither parent has demonstrated any long-term sobriety, with both of them still testing positive for illegal substances in the past few months. Although [the mother] did participate in residential treatment, and had a positive period of 3 months, she again began testing positive for illegal substances while still at [the facility]. [The child] has waited more than 15 months for her parents to resolve their issues. She should not have to wait any longer for permanency.

We concur in the court's reasoning. The parents were simply not in a position to safely parent the child at the time of the termination hearing.

### III.   Exception to Termination

The parents argue the district court should have granted an exception to termination based on the parent-child bond. *See id.* § 232.116(3)(c). A service provider agreed mother and child had a loving relationship and shared a bond. He stated the child was happy to see both parents. But that conceded bond had to be weighed against the risks posed by the parents' untreated addictions. The department caseworker opined that severing the parent-child bond would not be harmful to the child in the long-term. While we are less sanguine, we conclude the child's safety was paramount. The permissive exception to termination was appropriately not granted.

### IV.   Additional Time

Both parents asked for additional time to facilitate reunification. *See id.* § 232.104(2)(b). The case manager did not believe "an additional period of time would" assist the parents. She noted they had not "done anything consistently" in the previous sixteen months. The district court agreed, stating:

> In essence, the parents already had an extension of time as this trial was held 15 months after the removal from parental care. A further extension would not be fair to the child as is it unlikely that any progress would be made by the parents based upon their inaction throughout the majority of this case.

We concur in the court's reasoning.

We affirm the termination of parental rights to the child.

**AFFIRMED ON BOTH APPEALS.**